Argued 4 April, decided 28 April, 1905.

## MARSHALL *v.* CARDINELL.

80 Pac. 652.

MECHANIC'S LIEN—EVIDENCE OF POSTING NOTICE BY OWNER.

1. The evidence in this case shows a posting of a notice on the house in the repair of which the labor and material in question were furnished, to the effect that defendant would not be responsible for the labor and material.

NOTICE OF NONLIABILITY BY OWNER—CONSPICUOUS PLACE.

2. A notice posted on the front of a building on a public street, in such a position as to be readily observed by persons entering the building both by the stairway and on the first floor, is in a "conspicuous place," within B. & C. Comp. § 5643, providing that a property owner may be relieved of liability for liens by posting a certain notice.

PRESUMPTION CONCERNING POSTED NOTICE.

3. Where a notice under B. & C. Comp. § 5643, that the owner of a building will not be liable for repairs thereon, is posted in good faith by the owner, a presumption arises that it remained a sufficient length of time to impart knowledge to the persons it was intended to affect.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a suit by James I. Marshall against Charles Cardinell. Plaintiff is the holder of two mechanic's liens—one claimed by himself for labor and materials furnished one W. W. Allen, lessee, for the repair of a certain building known as the "Avalon Cafe," at Nos. 269, 269½ and 271 Everett Street, Portland, Or., owned by the defendant, Charles Cardinell, and another claimed by Sutcliffe & Blied for work performed and materials furnished Allen in plastering, papering, and painting parts of the building. These liens Marshall is seeking to foreclose. The only defense interposed is that the defendant, within three days after obtaining knowledge of the contemplated alteration and repairs by Allen, gave notice that he would not be responsible therefor, by posting a notice in writing to that effect in a conspicuous place upon the building, and therefore that the property ought not to be subjected to the burden of such liens. The defense was successful, and, the suit having been dismissed, the plaintiff appeals.          AFFIRMED.

For appellant there was brief over the name of *Bronaugh &
Bronaugh,* with an oral argument by *Mr. Jerry England Bro-
naugh.*

For respondent there was a brief over the names of *Arthur C.
Emmons* and *Cyrus A. Dolph,* with an oral argument by *Mr.
Dolph.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The only questions urged here are, first, whether the evidence
establishes the posting of any notice as alleged; and, second,
whether the notice, if posted, operated to give such notice of the
owner's refusal to become responsible for the cost of the im-
provement or repairs as is contemplated by statute.

1. The first question is entirely one of fact. The repairs con-
sisted, among other things, in reconstructing the front of the
building on the first floor; it being torn away, either partially or
completely, and another put in of a different design. The
plaintiff began work under his contract on April 11, 1904, and
Sutcliffe & Blied about two days later. Thomas Jones, who was
agent of Cardinell, testifies that he posted a notice on April 11th
on the front of the building in form and language following:

"NOTICE.

I hereby forbid any person furnishing any material of any
kind, or making any improvement or alterations, or doing any
manner of work whatsoever on these premises, 269 and 269½
Everett Street, at my expense, for I will not be responsible for
the same.

Chas. Cardinell.
Per T. Jones, Agent."

It was contained on a sheet of letter paper, small size, written
by Jones in a large, legible hand; the sheet being fastened with
a tack at each corner, about as high as a man could reach easily
upon a post in the front, standing between the stairway enter-
ing from the outside and the front opening into the building.
Two other witnesses were called who saw him post the notice,
one of whom read it, and was able to say by whom it was signed.
Others saw it while in place where posted, and were able to
detect it from across the street. One of these witnesses was a
workman in the building at the time the alterations and repairs

were made. This affords very substantial evidence of a positive nature of the posting, all the witnesses having seen and observed the notice while in place. Against this testimony the plaintiff produced numerous witnesses, most of them workmen in and upon the building at the time, who testified that they never saw the notice, although they had ample opportunity, thus controverting the testimony of the defendant; but, being negative in character, it is not so satisfactory or convincing as his. The testimony of a person who asserts that he saw a thing is inherently stronger than that of another of equal veracity who says that he did not see it, unless both were intent upon observing for a specific purpose and noting a condition. Not so in the present instance. The defendant's witnesses saw the notice, took note of it, and were able to testify to the fact, while the witnesses of plaintiff had an equal opportunity of seeing, but did not. None of them were looking for the purpose of ascertaining whether a notice was to be found there, or not, except one, and he did not find it. Although the testimony of this witness is of a more positive type, upon the whole we think the defendant has made the better case as to the posting. Indeed, it seems hardly possible that there should be any mistake about it, in the face of the statements of three witnesses who actually saw the notice nailed up, one of them performing the service.

2. As to the remaining question, the statute requires that the owner shall, within three days after he has knowledge of the fact that alterations or repairs are being made, give notice that he will not be responsible for the same by posting a notice in writing to that effect in some conspicuous place on the land or building or other improvement situate thereon: Section 5643, B. & C. Comp. The form and subject-matter of the notice in question are obviously sufficient, but the inquiry is whether it was kept in place a sufficient length of time, so that it might be said that the owner gave notice of his refusal to be responsible for the improvements. From the description of the place where posted, it would seem that it was a conspicuous place. It was on the front of the building, bordering on the public street, and was observed by people passing and repassing, and its position was such that

it would be readily observed by persons entering the build-ing both by the stairway and upon the first floor. No more public or conspicuous place upon the building could have been selected. Just how long the notice remained on the build-ing is problematical. Jones says he saw it two or three times afterward, and as much as an hour later, and one witness testi-fied that he saw it more than half a dozen times, and on differ-ent days. It may have been torn down when the front was taken out of the building, but this does not appear. There is nothing from which we might infer anything but good faith on the part of Jones in giving the notice.

3. The statutory manner of. giving notice is by posting a writ-ten announcement; presuming, no doubt, that when once posted it will remain a sufficient length of time to impart knowledge to the persons it is intended to affect. The language is not to keep it posted, but to give notice by posting, and when once posted it will fulfill the mandate of the statute. Of course, if the notice were torn down immediately, or very soon after, by the one who posted it, there would be an apparent attempt to evade the statutory injunction, and the act would probably not be accounted as giving notice by posting; but, if posted in good faith, with the intent and purpose that it should remain as long as a notice would remain in a place of that nature under ordinary condi-tions, it would seem that the intendment of the statute had been observed and the notice given. We are satisfied that the notice in the present instance was posted in good faith, and the posting sufficient to fulfill the requirements of the statute in giving notice to relieve the defendant of responsibility for the work done.

The decree of the trial court will therefore be affirmed, and it is so ordered.                                    AFFIRMED.